## KILLIAN v. GREENE.

1. **Conveyance:** MISTAKE: CONFLICTING CLAIMS: EVIDENCE. Plaintiff's record title to the land in question, being founded upon a mistake in the description of the land intended to be conveyed, was set aside, and defendant's title quieted, by the decree of the circuit court; and, upon consideration of the evidence, (see opinion,) the decree is affirmed.

*Appeal from Jones Circuit Court.*

THURSDAY, DECEMBER 11.

THIS is an action in equity by which plaintiff, who claims to be the owner of a small fractional piece of land, seeks to quiet her title as against the defendant. The defendant, by a cross-petition, claims that he is the owner of the land, and he prays that his title thereto may be quieted as against the plaintiff. There was a decree for the defendant, and plaintiff appeals.

*Ezra Keeler,* for appellant.

*Remley & Ercanbrack* and *Sheean & McCarn,* for appellee.

ROTHROCK, CH. J.—The land in controversy is a small tract, triangular in shape, and lying along the right of way of the Chicago, Milwaukee & St. Paul Railroad, and near the Wapsipinicon river. It is part of lot 6, in section 6, in a certain township, which lot was conveyed by the United States to Burton Peet by a patent dated in January, 1847. Conveyances were made from the patentee, and from several intervening grantors, down to the plaintiff, who acquired title to about seven acres of the lot in April, 1875. On the face of the records, the plaintiff appears to be the owner of the land in controversy. But the evidence shows that one Hickey, who was one of the intermediate grantors, was in possession of part of lot 6 as early as the year 1870, claiming that the land he had inclosed was that owned by him.

The land thus inclosed did not embrace that now in contro-versy. The plaintiff purchased of Hickey in 1875, and took possession of the same land that Hickey had inclosed.

We think it is very clearly shown that there was a mistake in the deeds conveying the land, and that this mistake runs back to a deed made by one Vernon to Engle, in the year 1858. The mistake consists in making the first call in the description at the northwest corner of the lot, when it should be at the center of the section. It is made quite certain that this is a mistake by the acts of the successive owners, in taking possession of about the proper quantity, the descrip-tion of which commences at the center of the section, and by the controlling fact that, after the seven-acre tract was sold and conveyed, one of the owners of the residue conveyed part of the lot to another party, which, if the plaintiff's claim be well founded, had already been conveyed by the description under which plaintiff claims. Another controlling fact is that, when plaintiff made the purchase, she was a non-resident of the state, and the defendant made the purchase for her as her agent. He had a survey made, commencing at the center of the section, and he supposed that he was buying for the plaintiff the land that was enclosed by Hickey, plaintiff's grantor. It would be a very difficult undertaking to set out all of the conveyances, and show by the calls in the descrip-tions and other evidence in the case which of these parties is in the right, so that the general reader could understand the opinion. It is sufficient to say, however, that we are quite well satisfied that the decree of the circuit court is correct.

AFFIRMED.